IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STANLEY MEDLOCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1881-L-BN |
| | § | |
| NOTE ONE AUTO SALES, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This action filed by a plaintiff proceeding *pro se* has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

**Applicable Background**

Plaintiff Stanley Medlock, who resides in Dallas, Texas, brings this action against Defendant Note One Auto Sales, Inc. (at an address also in Dallas, Texas) and its owner, seeking "refunds for fake insurance coverage ... and damages in the amount of $150,000 [for] each plaintiff," alleging that "Defendants put all Plaintiff's life in jeopardy without just cause" in violation of "Plaintiffs Constitutional, Civil and Texas Rights which is Guaranteed." Dkt. No. 3.

Recognizing that subject matter jurisdiction was likely lacking, the Court issued

a show cause order on July 24, 2018 [Dkt. No. 5] requiring that Medlock file no later than August 23, 2018 a written response to show the Court that there is subject matter jurisdiction. That response [Dkt. No. 7] was filed on August 9, 2018.

## Legal Standards

Under its limited jurisdiction, a federal court generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Medlock chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. And if he does not, this lawsuit should be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

## Analysis

Medlock's complaint and his August 9 response fail to include allegations putting diversity jurisdiction in play, and Medlock does not disagree with the Court's previous assessment that complete diversity has not been shown. He instead focuses on the existence of a federal question.

In his August 9 response, Medlock first asserts that subject matter jurisdiction exists because insurance fraud is a federal crime. *See* Dkt. No. 7 at 1. While Medlock offers no authority to support this assertion, even if a federal criminal statute applies here, Medlock may "not assert a valid basis for federal question jurisdiction" by relying "on federal criminal statutes only," *Robinson v. Pulaski Tech. Coll.*, 698 F. App'x 859 (8th Cir. 2017) (per curiam) (citations omitted), as he "has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute," *Savannah v. United States*, No. 3:07-cv-2052-O, 2009 WL 1181066, at *2 (N.D. Tex. Apr. 30, 2009) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also McKeague v. Matsuura*, Civ. No. 08-00571 ACK-KSC, 2009 WL 89112, at *2 (D. Haw. Jan. 12, 2009) (citing "a handful of federal criminal statutes ... fails to sufficiently demonstrate that [a plaintiff's] claims arise

-3-

under federal law" (citation omitted)).

He next broadly asserts that the defendants – identified as a private business and its individual owner, not government officials or employees – "deprive[d him] of [his] Guaranteed protected Constitutional and Civil Rights" and then specifies that his "Complaint is based on 42 USC 1983, 85, [and] 86." Dkt. No. 7 at 1.

> "Private individuals generally are not considered to act under color of law," *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005), but "private action may be deemed state action when the defendant's conduct is 'fairly attributable to the State,'" *Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004) (quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)).

*Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017). But, here, Medlock has not alleged that the defendants' actions are fairly attributable to the State by, for example, "'alleg[ing] specific facts to show' ... that [the defendants] and public actors entered into an agreement to commit an illegal act." *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 774-76 (N.D. Tex. 2014) (quoting *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008)).

And, where a plaintiff "does not allege facts demonstrating that [a defendant] acted under color of state law," he fails "to plead and establish subject-matter jurisdiction based on the existence of a federal question." *Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("The complaint contains no allegation that Mitchell and Clinkscales are citizens of different states; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of complete diversity. Additionally, although Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted

under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. [And t]he district court was required to dismiss the complaint." (citations omitted)).

Pleading jurisdiction based on Sections 1985 and 1986 similarly requires allegations showing that there has been state action. *See Cong. of Racial Equal. v. Clemmons*, 323 F.2d 54, 62 (5th Cir. 1963) ("A third fatal weakness in the plaintiffs' case is that the defendants are private persons. It is still the law that the Fourteenth Amendment and the statutes enacted pursuant to it, including 42 U.S.C.A. § 1985, apply only when there is state action."); *Lindsey v. City of Gulport, Miss.*, No. 1:08CV637 LG-RHW, 2010 WL 11530443, at *4 (S.D. Miss. June 18, 2010) ("The elements necessary to state a cause of action under" Section 1985 includes "action by the defendants under color of state law or authority." (citing *Carroll v. Andrews*, 438 F.2d 1221, 1222 (5th Cir. 1971))); *see also Palacios v. U.S. Marshal Serv.*, No. MO-11-CV-00009-RAJ, 2012 WL 12957204, at *6 (W.D. Tex. Feb. 23, 2012) ("A violation of 42 U.S.C. § 1986 is a derivative violation under 42 U.S.C. § 1985. Thus, a plaintiff cannot establish a violation of § 1986 without establishing a violation of § 1985." (citing *Galloway v. State of La.*, 817 F.2d 1154, 1159, n.2 (5th Cir. 1987))).

For these reasons, Medlock has not shown that federal question jurisdiction exists.

**Recommendation**

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 13, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE